917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The FIRST NATIONAL BANK OF ELKHART, INDIANA, Executor of the
Estate of Albert Simeri, Plaintiff-Appellant,
v.
R & L WOOD PRODUCTS, INC., and Peoples Bank of Paint Lick,
Kentucky, Defendant-Appellee.
 No. 89-6445.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1990.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, The First National Bank of Elkhart, Indiana, executor of the estate of Albert Simeri, appeals from summary judgment granted in favor of the defendant Peoples Bank of Paint Lick, Kentucky. The plaintiff alleges that a Peoples Bank officer fraudulently induced Simeri into making a loan to the now bankrupt R & L Wood Products, Inc.
 
 I.
 
 2
 This case began on August 12, 1985, when a complaint was filed by the late Albert Simeri ("Simeri") against R & L Wood Products, Inc. ("R & L") and Peoples Bank of Paint Lick, Kentucky ("Peoples Bank").[1] Count I of the complaint alleged that R & L had executed a promissory note to Simeri on March 1, 1983, in the amount of $65,000, the security for this loan being four pieces of industrial equipment.[2] In count II, Simeri alleged that Peoples Bank had wrongly had this collateral seized by writ of attachment, and alleged that his lien had priority. The complaint, however, does not allege that Peoples Bank engaged in any fraudulent conduct.
 
 
 3
 R & L's answer admitted the allegations in the complaint and raised no defenses. Peoples Bank's answer alleged that the collateral was in the hands of the state court. Its answer also included a pleading styled "COUNTERCLAIM & CROSS-CLAIM." Because the "counterclaim" and "cross-claim" were not separated it cannot be determined which applies to the plaintiff and which to R & L. With respect to plaintiff's collateral, the pleading alleged that Peoples Bank was the beneficiary of four promissory notes executed by R & L that were secured by a prior lien on the collateral as after-acquired property.
 
 
 4
 R & L's reply to the "cross-claim" denied liability under the notes exhibited to the "cross-claim" and specifically denied that the note dated February 1, 1985 for $251,363.65 was a true and accurate copy. Simeri responded to the "counterclaim" by moving the court to require Peoples Bank to separate the two claims, alleging that they were so blended that he could not answer. The court granted the motion.
 
 
 5
 On September 11, 1985, R & L filed for bankruptcy protection under Chapter 11. On September 25, 1985, Peoples Bank filed two motions: a motion to refer the case to bankruptcy court and a motion for a protective order from discovery. The motion to refer to bankruptcy court stated that R & L had filed for bankruptcy and that this case should be transferred because the subject matter of this case was related to the bankruptcy. The motion for a protective order was based on the automatic stay provisions of the bankruptcy code. See 11 U.S.C. Sec. 362 (1990). In reference to its "counterclaim" and "cross-claim," Peoples Bank alleged:
 
 
 6
 That by Order of this Court dated September 16, 1985, this Court has ordered the Defendant Bank to make a more definite statement and separation of Counterclaim and Cross-Claim, but because of said automatic stay, the Defendant Bank herein cannot file said claim, provided, however, that the said Bank has attached as an exhibit hereto, in partial conformity with the Order of this Court, a proposed Amended Counterclaim and Cross-Claim, to show its good faith in compliance with this court's order; ...
 
 
 7
 The exhibited proposed counterclaim alleged that Peoples Bank's claimed lien had priority under its after-acquired property clause over the plaintiff's lien. Although Peoples Bank's motion to refer to this matter bankruptcy court stated that the proposed pleadings were only an exhibit, and were not to be filed, the clerk mistakenly docketed the "counterclaim" and "cross-claim" as filed. The "counterclaim" again contained no prayer for affirmative relief. The "cross-claim" against R & L sought for a money judgment of $468,555.71 based on the four promissory notes.
 
 
 8
 The district court, in an order dated October 7, 1985, limited plaintiff's depositions to non-bankruptcy issues and issues not related to Peoples Bank's relationship with R & L. This prevented the plaintiff from investigating the fraud issue by discovery. The court also transferred the case to the United States Bankruptcy Court for the Eastern District of Kentucky.
 
 
 9
 On December 26, 1985, the bankruptcy court acknowledged receipt of the case. Peoples Bank filed a motion for summary judgment as to count II of Plaintiff's complaint. Neither the "amended counterclaim," which should not have been docketed, nor lack of a reply thereto is relied upon in the motion.
 
 
 10
 On January 21, 1986, the plaintiff filed a reply to the "amended counterclaim" filed by Peoples Bank. If a reply was necessary, this document was filed late because Fed.R.Civ.P. 12(a) requires that a party file a reply to a counterclaim within 20 days. The reply was filed 91 days after the "counterclaim." In the pleading styled "Reply to Amended Counterclaim," the plaintiff alleged that:
 
 
 11
 [t]he promissory note and security agreement of Plaintiff were prepared by G. Wayne Broaddus, who at the time was president of Peoples Bank of Paint Lick, Kentucky. At the time Broaddus prepared these documents he was acting as an adviser and fiduciary to Albert Simeri.... Although Broddus knew it was untrue, he induced, fostered, and encouraged in the mind of Simeri the belief that Simeri would enjoy first priority in the collateral.
 
 
 12
 As motive for the fraud, the reply alleged that about half of the proceeds from plaintiff's loan went to Broaddus or parties closely associated with Broaddus.
 
 
 13
 On June 17, 1986, the bankruptcy court granted Peoples Bank's motion for summary judgment with respect to plaintiff's claim to the collateral, count II.[3] It based this decision on a finding that Peoples Bank held a prior perfected security interest in the collateral. The bankruptcy court refused to examine the issue of fraud alleged by the plaintiff in its reply because the reply was not timely filed.[4] The district court affirmed the bankruptcy court's decision and plaintiff appealed.
 
 II.
 
 14
 The bankruptcy court, as stated, refused to consider the allegations of fraud in the reply filed by plaintiff because, it determined, the reply was filed 71 days late and granted judgment to Peoples Bank. We find that this was error because the "amended counterclaim" was filed without authority and, in any event, was not a counterclaim. A reply, therefore, was not required. Accordingly, we reverse.
 
 
 15
 Even if the pleading had made a counterclaim, it was never properly filed by Peoples Bank. The clerk marked the document as "filed," apparently because the document was styled "Amended Counterclaim and Cross-claim." But the document was only an exhibit attached to the motion to refer to the bankruptcy court. As the motion filed by Peoples Bank stated,
 
 
 16
 [B]ecause of said automatic stay, the Defendant Bank herein cannot file said claim, provided, however, that the said Bank has attached as an exhibit hereto, in partial conformity with the Order of this Court, a proposed Amended Counterclaim and Cross-Claim, to show its good faith compliance with this court's order; ...
 
 
 17
 Furthermore, Fed.R.Civ.P. 8(c) provides that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Although the pleading is styled "Amended Counterclaim," it lacks essential characteristics of a counterclaim. Most importantly, no prayer for relief was included in the pleading. The pleading only responds to the plaintiff's complaint by raising a defense, and fails to allege a claim against the plaintiff. The pleading simply contends that Peoples Bank has a prior lien on the collateral. Accordingly, the pleading is an affirmative defense.
 
 
 18
 Under these unusual circumstances, the case should be remanded to the district court with direction that the court consider allowing plaintiff to amend count II of the complaint to charge the alleged fraud committed by Peoples Bank or its representatives.
 
 
 19
 The judgment of the district court is REVERSED and the case is REMANDED to the district court for proceedings consistent with this holding.
 
 
 
 [1]
 Simeri subsequently died and First National Bank of Elkhart, Indiana, Simeri's executor, was substituted as plaintiff
 
 
 [2]
 The property that was allegedly collateral for this note was a Critiz Sander Model # 400, Yates Drum Sander Model # 5333, A & B Shaper Model 503 and a Bass Planner Model 566
 
 
 [3]
 The bankruptcy court labeled its order dismissing count II a summary judgment. The court refused to consider the fraud issue because the reply was filed late. This meant that the order was effectively a default judgment although no motion to strike the reply and no application for default judgment had been made. Application to the court by a party is normally required before default judgment is rendered. See Fed.R.Civ.P. 55(c)
 
 
 [4]
 Fed.R.Civ.P. 8(d) states that if a party fails to respond when a responsive pleading is necessary, the claims are admitted